IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE D. LEFFEBRE, | : | Civil No. 1:20-CV-0969 |
| Petitioner, | : | |
| v. | : | |
| WILLIAM BARR, United States Attorney, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On June 11, 2020, Petitioner, Andre D. Leffebre, an inmate formerly housed at the Allenwood United States Penitentiary, in White Deer, Pennsylvania,[1] filed a petition for writ of habeas corpus challenging his convictions from the United States District Court for the Southern District of Texas and the United States District Court for the Eastern District of Texas.[2] As Leffebre unequivocally challenges the validity of his convictions and sentences, and has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 motion, his Section 2241 petition will be dismissed for lack of subject matter jurisdiction. Additionally, Petitioner's three motions for change of venue based on his transfers

---

[1] Petitioner is presently housed at the Beaumont United States Penitentiary in Beaumont, TX. *See https://www.bop.gov/inmateloc/* (Search: Andre D Leffebre; last visited: Sept. 2, 2021).

[2] The court takes judicial notice of the dockets in each of Leffebre's challenged cases. *See United States v. Leffebre*, No. 3:05-CR-0009 (S.D. Tex.) and *United States v. Leffebre*, 1:06-CR-55 (E.D. Tex.) (available for review on PACER*, https://pacer.uscourts.gov*, last visited Sept. 2, 2021).

to other federal prisons outside of this court's jurisdiction, Docs. 24, 25, 26, will be denied as he resided in this district when he filed his petition.

## PROCEDURAL HISTORY

In June 2020, Andre D. Leffebre ("Leffebre" or "Petitioner") filed two identical petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging two separate convictions and sentences in the Southern and Eastern Districts of Texas. *See* Civil Action Nos. 1:20-CV-0969 and 1:20-CV-1051. The court consolidated the cases pursuant to Fed. R. Civ. P. 42(a) under the docket number of the first case filed. (Doc. 9.)

Liberally construing Leffebre's petition, he argues that his Southern District of Texas conviction can not stand because: 1) it is based on the insufficient evidence to demonstrate that he possessed a weapon; 2) the trial court abused its discretion by allowing prejudicial evidence of a 16-year-old prior gun conviction to be admitted; 3) the admission of the prior gun conviction violated his right against double jeopardy; 4) the trial court lacked jurisdiction; and 5) the charging indictment was faulty as it was not signed by the grand jury foreman. (Doc. 1., pp. 6–8.)[3] Leffebre claims that his Eastern District of Texas conviction was similarly

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

tainted by the admission of his 16-year-old gun conviction, the trial court's lack of jurisdiction, and the denial of his trial transcripts on appeal. (*Id*., pp. 2, 7, 8.)

In addition, Leffebre asks the court to vacate both convictions and order his immediate release because his previous convictions for burglary of a habitation do not qualify as predicate felonies after *Johnson v. United States*, 576 U.S. 591 (2015),[4] *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018)[5], and *United States v. Davis*, 139 S.Ct. 2319 (2019).[6] (*Id*., p. 8.) Leffebre asserts that his three previous convictions for burglary of a habitation do not qualify as predicate felonies under *Johnson*. Following an order to show cause, Doc. 10, Respondent filed a response to the petition on October 13, 2020. (Doc. 19.) Leffebre filed a reply on November 16, 2020. (Doc. 23.) Accordingly, this matter is ripe for disposition.

### A. Leffebre's 2005 Southern District of Texas Conviction

After experiencing a tire blowout on a Texas interstate highway, Leffebre gave a false name to law enforcement that stopped to render assistance. After

---

[4] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague under principles of due process. *Johnson*, 575 U.S. at 606.

[5] In *Dimaya*, the Supreme Court held that the residual clause of the definition of "crime of violence" within 18 U.S.C. § 16 was unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1210.

[6] In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague because there was no meaningful difference in that statute's language defining a crime of violence and the statues struck down in *Johnson* and *Dimaya*. *Davis*, 139 S.Ct. at 2326.

trying to flee, Leffebre was tackled, and a gun was found on the ground where he was subdued.  (Doc. 19-2, p. 5.)  On May 12, 2005, a one-count federal indictment was filed in the United States District Court for the Southern District of Texas, charging Leffebre as an individual "convicted in a court of three violent felonies, all of which are crimes punishable by imprisonment for a term exceeding one year, [who] knowingly possess[ed] in and affecting commerce a firearm, a Springfield Armory, model XD-40 .40 caliber pistol, which had been shipped and transported in interstate and foreign commerce" in violation of 18 U.S.C. §§ 922(g) and 924(e).  *See United States v. Leffebre*, No. G-05-09, 2005 WL 4903521 (S.D. Tex. May 12, 2005).  Prior to trial, the Government filed a notice of intent to introduce evidence under Rule 404(b) and 609 of the Federal Rules of Evidence to demonstrate Leffebre had previously been convicted of nine felonies, including possession of a firearm by a convicted felon in the United States District Court for the Eastern District of Texas in 1990.  (*Id*., pp. 32–36.)

On November 15, 2005, a jury convicted Leffebre of being a felon in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).  A presentence investigation report was filed on March 2, 2006.  Leffebre's adjusted offense level was 26 after his base offense score of 24 was increased by two levels because the firearm found in his possession was reported stolen.  *Leffebre v. Garland*, Civ. No. 5:21-CV-57, 2021 WL 2821012, at *1 (N.D.

W. Va., Jul. 22, 2021).  With an offense score of 33, "the PSR highlighted a statutory minimum of fifteen years imprisonment and a maximum of life imprisonment, and a guideline range of 235 to 293 months."  (*Id.*)  The district court applied the enhancement provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on Leffebre having three prior violent felony convictions, and sentenced him to 293 months of imprisonment followed by five years of supervised release.  (Doc. 19-2, pp. 4, 39–41.)

On appeal, Leffebre argued, in part, "that the district court abused its discretion by allowing the admission at trial of his prior federal conviction for possession of a firearm by a convicted felon."  *See United States v. Leffebre*, 214 F. App'x 445, 446 (5th Cir. 2007); *see also* Doc. 19-1, pp. 4–11.  The United States Court of Appeals of the Fifth Circuit affirmed Leffebre's conviction on January 19, 2007, finding his prior conviction for possession of a firearm by a convicted felon was admissible pursuant to Fed. R. Evid. 404(b), and therefore the "district court did not abuse its discretion in admitting Leffebre's prior conviction for possession of a firearm by a convicted felon at trial."  *United States v. Leffebre*, 214 F. App'x at 446.  On May 27, 2007, Leffebre's petition for writ of *certiorari* was denied by the United States Supreme Court.  *See Leffebre v. United States*, 550 U.S. 975 (2007).

Leffebre then sought habeas relief pursuant to 28 U.S.C. § 2255 on the following dates: October 11, 2007, July 21, 2008, and June 20, 2016. Each petition was dismissed without a merits analysis. (Doc. 19-2, pp. 12–26.) After seeking and receiving authorization from the United States Court of Appeals of the Fifth Circuit to file a successive § 2255 motion, Leffebre filed another § 2255 motion with the district court seeking relief pursuant to *Johnson*. (Doc. 19-2, pp. 26, 140–142.) The district court dismissed the petition on November 24, 2016 after Leffebre could not demonstrate that the residual clause portion of § 924(e)(2)(B)(ii) played any role in his sentencing. (*Id.*, pp. 143–145.)

Leffebre then filed several motions under 28 U.S.C. § 2244 seeking permission to file a successive § 2255 motion. The Fifth Circuit Court of Appeals dismissed each petition on procedural grounds. (*Id.*, pp. 146–149.)

Leffebre also sought relief under 28 U.S.C. § 2241 from the District of Colorado (based on *United States v. Booker*, 543 U.S. 220 (2005)) and the Northern District of Georgia (based on *Johnson*, *supra*). (*Id.*, pp. 153–179.) Both petitions were denied after Leffebre could not demonstrate that his remedy pursuant to § 2255 was inadequate or ineffective. (*Id.*)

**B. Leffebre's 2007 Eastern District of Texas Conviction**

On April 4, 2007, Leffebre was convicted of bank robbery and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C.

§§ 2113(a), (d) and 924(c)(1)(A)(ii).  *See* Doc. 19-2, pp. 180–195; 196–197, 200. "A PSR was filed on November 19, 2007.  Therein, [Leffebre] was deemed a career offender based on his three separate convictions for burglary of a habitation. Accordingly, [Leffebre's] total offense level was 34.  [His] criminal history category was VI.  The statutory maximum term of imprisonment for Count I was 25 years, and the minimum term of imprisonment for Count II was seven years with a maximum term of life imprisonment.  Based on a total offense level of 34 and a criminal history category of VI, petitioner's guideline range was 262 to 327 months.  However, because petitioner was a career offender and was convicted to be in violation of 18 U.S.C. § 924(c)(1), the guideline range was elevated to 360 months to life imprisonment pursuant to U.S.S.G. § 4B1.1(c)(2)(B) and (e)(3)." *Leffebre*, 2021 WL 2821012, at *2.  The district court sentenced Leffebre on November 26, 2007 as a career offender to an aggregate term of 384 months of incarceration.  (*Id.*, p. 201.)  As to Count I, the district court ordered that Leffebre's 300-month sentence run concurrent to his Southern District of Texas sentence for felon in possession of a firearm. The court imposed an 84-month sentence for Count II that was to run consecutive to Count I.  (*Id.*, pp. 201–202.)

Leffebre, assisted by counsel, filed a notice of appeal.  On March 4, 2008, the district court granted Leffebre's request to represent himself on appeal.  (*Id.*, pp. 191–92.)  A month later, Leffebre's appeal to the Fifth Circuit Court of

Appeals was dismissed for want of prosecution due to Leffebre's failure to timely order transcripts. (*Id*., p. 193.) Leffebre filed a motion to vacate pursuant to 28 U.S.C. § 2255 on October 30, 2008. (*Id.,* pp. 207–225.) On June 16, 2011, the sentencing court denied the petition and declined to issue a certificate of appealability. (*Id*., pp. 226–29.) On March 8, 2012 the Fifth Circuit Court of Appeals denied Leffebre's request for a certificate of appealability. (*Id*., pp. 194, 230–31.)

On June 20, 2016, Leffebre filed a second motion to vacate pursuant to § 2255 raising a claim for relief under *Johnson*. (*Id*., p. 195.) It was denied on November 13, 2016, as an unauthorized second and successive petition. (*Id*., pp. 195, 235–240.)

On November 22, 2016, the Fifth Circuit Court of Appeals denied Leffebre's motion for authorization to file a successive § 2255 motion based on *Johnson* and his claim that he was "unconstitutionally sentenced as a career offender under § 4B1.1 and § 4B1.2." (*Id*., p. 241.)

A third unauthorized § 2255 petition was filed with the district court on September 9, 2019. The court transferred the matter to the Fifth Circuit Court of Appeals. Leffebre sought leave to file a successive § 2255 based on the argument that his Texas conviction for burglary of a habitation no longer qualified as a crime of violence for the purpose of the career offender guideline provisions in U.S.S.G.

Appeals was dismissed for want of prosecution due to Leffebre's failure to timely order transcripts. (*Id*., p. 193.) Leffebre filed a motion to vacate pursuant to 28 U.S.C. § 2255 on October 30, 2008. (*Id.,* pp. 207–225.) On June 16, 2011, the sentencing court denied the petition and declined to issue a certificate of appealability. (*Id*., pp. 226–29.) On March 8, 2012 the Fifth Circuit Court of Appeals denied Leffebre's request for a certificate of appealability. (*Id*., pp. 194, 230–31.)

On June 20, 2016, Leffebre filed a second motion to vacate pursuant to § 2255 raising a claim for relief under *Johnson*. (*Id*., p. 195.) It was denied on November 13, 2016, as an unauthorized second and successive petition. (*Id*., pp. 195, 235–240.)

On November 22, 2016, the Fifth Circuit Court of Appeals denied Leffebre's motion for authorization to file a successive § 2255 motion based on *Johnson* and his claim that he was "unconstitutionally sentenced as a career offender under § 4B1.1 and § 4B1.2." (*Id*., p. 241.)

A third unauthorized § 2255 petition was filed with the district court on September 9, 2019. The court transferred the matter to the Fifth Circuit Court of Appeals. Leffebre sought leave to file a successive § 2255 based on the argument that his Texas conviction for burglary of a habitation no longer qualified as a crime of violence for the purpose of the career offender guideline provisions in U.S.S.G.

§ 4B1.1 and 4B1.2 based on *Johnson, Dimaya*, and *Davis*.  On December 31, 2019, the Fifth Circuit Court of Appeals denied the motion finding that Leffebre failed to meet the requirements of 28 U.S.C. § 2244(b)(3)(C).  (*Id*., pp. 244–45.)

## DISCUSSION

### A. The court lacks jurisdiction over Leffebre's § 2241 petition.

In pertinent part, 28 U.S.C. § 2241(a) provides: "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  However, "a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255."  *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).  Under limited circumstances, however, it is possible for a federal prisoner to challenge his conviction or sentence under § 2241.  "Congress [ ] provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"  *Bruce*, 868 F.3d at 178 (quoting 28 U.S.C. § 2255(e), referred to as the "savings clause").

"There are situations where the remedy under § 2255 is actually 'inadequate or ineffective,' but they are rare."  *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017).  The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from

9

affording ... a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

A federal prisoner seeking to attack the validity of his conviction may proceed under Section 2241 only if he can satisfy two conditions. *See Cordaro v. United States*, 933 F.3d 232, 239 (3d Cir. 2019). "First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision … in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review" and "[s]econd, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255." *Bruce*, 868 F.3d at 180 (internal quotation marks omitted) (citing *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). The burden is on the prisoner to show the inadequacy or ineffectiveness of section 2255. *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). If a petitioner improperly challenges a federal

conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Id*. at 1165.

Here, Petitioner has filed a § 2241 petition that is not based on the argument that the conduct which led to his conviction is no longer criminal because of a change in law. Rather, he argues that various errors of the trial courts have led to the conviction of an "innocent man." (Doc. 23, p. 19.) Leffebre also does not contend that he did not have a prior opportunity to seek § 2255 relief. Rather, he argues that "the evidence" he presents demonstrates the inadequacy and ineffectiveness of § 2255 to properly address the errors of the trial courts and the Fifth Circuit Court of Appeals. (*Id.*, p. 21.) However, as noted, Petitioner's theories of triggering the availability of § 2255's savings clause are misplaced. Petitioner cannot seek § 2241 relief simply because the sentencing court denied his motion to vacate addressing the very same issues set forth in his present petition. *See Cradle*, 290 F.3d at 539.

Moreover, the claims Leffebre asks the court to consider were previously presented, albeit unsuccessfully, in various § 2255 petitions. The lack of success in those fora does not demonstrate the unavailability or inadequacy of the § 2255 remedy. Thus, he cannot demonstrate § 2255 is inadequate of ineffective to address his *Johnson* based claims. *See* Doc. 19-2, pp. 143-145, *United States v. Leffebre*, Civ. No. G-16-0298 (S.D. Tex. Nov. 24, 2016) (denying authorized

successive § 2255 motion based on *Johnson* because Leffebre was not sentenced under the residual clause of the ACCA); *see also* Doc. 19-2, pp. 244–45, *In re: Andre David Leffebre*, No. 19-40786 (5th Cir. Dec. 31, 2019) (denial of authorization to file successive § 2255 motion claiming convictions for burglary of habitation no longer qualified as crimes of violence for career offender guidelines following *Johnson*, Sessions, and *Davis*). As such, Petitioner fails to show that he comes within the saving clause of 28 U.S.C. § 2255. Accordingly, there is no basis to permit the petition to proceed under § 2241.

### B. Leffebre's motions for change of venue are denied.

Petitioner asks the court to relinquish jurisdiction over this matter based on his transfer to a Bureau of Prisons facility outside of Pennsylvania. (Docs. 24, 25, 26.) Petitioner was housed at USP Allenwood when he filed his petition. It is well established that a petition filed pursuant to 28 U.S.C. § 2241 must be brought in the petitioner's district of confinement. However, should the petitioner be transferred to another facility in a different district during the pendency of the habeas petition, the original court does not lose jurisdiction over the petition. *See Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990). Petitioner's transfer does not divest the court of jurisdiction. Thus, his motions to change venue will be denied.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Doc. 1, will be dismissed for lack of jurisdiction. Petitioner's motions to change venue, Docs. 24, 25, 26, will be denied. Because Petitioner is not detained per a state court process, and the petition is not brought pursuant to 28 U.S.C. § 2255, no action is necessary with respect to a certificate of appealability. An appropriate order will issue.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 23, 2021